**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JANICE MARIE NICKOLA,

        Plaintiff-Appellant,

v.

STORAGE TECHNOLOGY
CORPORATION,

        Defendant-Appellee.

No. 04-1403
(D.C. No. 02-M-1605 (MJW))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **KELLY, McKAY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Janice Marie Nickola, proceeding pro se here as in the district court, appeals the district court's entry of summary judgment in favor of her former employer Storage Technology Corp. (StorageTek) on her claims brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm. Ms. Nickola has filed a motion to supplement the record, which StorageTek opposes. We grant the motion to supplement.

## I. Background

Ms. Nickola was employed in the manufacturing division of StorageTek. Due to an October 2000 injury to her right hand and wrist, she was placed on light duty and then transferred to the Transitional Duty Department, where she worked until her employment with StorageTek ended. Ms. Nickola informed her employer that she would not return to any manufacturing position, and she sought another type of job within the company. She was looking for a big promotion from her manufacturing job, R. Vol. I, Doc. 65, Ex. A, at 278, and she applied for positions such as director of corporate alliances, business process consultant, and strategic planning analyst, even though by her own admission, she was not qualified for them. *Id.* Doc. 65, Ex. A, at 284; Exs. L & M. Although she was qualified for secretarial work, she did not apply for those jobs because she

preferred a position more suited to her personality and career goals. [1] *Id.* Vol. I, Doc. 65, Ex. A, at 207; *id.* Vol. II, Doc. 84, Ex. 35, at 5. Ms. Nickola declined an opportunity for a position as a business analyst. *Id.* at 170-71.

The medical evidence pertaining to Ms. Nickola's hand and wrist injury consisted of the treatment notes of the on-site physician, Randy Reims, M.D., the second opinion of another physician, Dr. Fry, that Ms. Nickola required additional treatment, and the determination of the workers' compensation board that Ms. Nickola's injury resulted in an eighteen percent permanent partial disability. Dr. Reims's notes indicated that the only activities Ms. Nickola should limit were lifting, carrying, and removing staples with her right hand. On February 23, 2001, Dr. Reims released her to work without restriction, with the understanding that she had decided not to return to her former job in the manufacturing division. Ms. Nickola, who had not found another position with StorageTek, then left its employ. The parties dispute whether she resigned or was discharged, but the circumstances of her termination are irrelevant, as explained below.

---

[1] Ms. Nickola testified at her deposition that she did not want a secretarial position. Citing *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986), she asserts that her deposition testimony is not binding. Ms. Nickola's situation is unlike that in *Franks* because Ms. Nickola's deposition testimony does not conflict with her later affidavit. Both the testimony and the affidavit explain that she did not want a secretarial position. *Cf. id.* (holding that plaintiff's affidavit, that conflicted with his earlier sworn testimony, should be disregarded on summary judgment as raising a sham fact issue).

After exhausting her administrative remedies, Ms. Nickola brought this action alleging that she was a qualified individual with a disability, as defined in the ADA, and that StorageTek discriminated against her on the basis of her disability. She asserted that her impairment substantially limited her ability to perform the major life activity of "working." The district court granted summary judgment to StorageTek and denied Ms. Nickola's post-judgment motion. Ms. Nickola appeals the rulings against her on her ADA claims. [2]

## II. Summary Judgment Standards

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *Lanman v. Johnson County*, 393 F.3d 1151, 1154-55 (10th Cir. 2004). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c). Summary judgment will be granted to defendant if plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Thus, to

---

[2] Ms. Nickola has abandoned on appeal her claims based on other legal theories, including those for defamation, a federal contractor's duty concerning affirmative action, and violation of Title VII. She does not appeal the order denying her post-judgment motion.

survive summary judgment the plaintiff has the burden to put forth sufficient evidence to warrant a verdict as a matter of law; a scintilla of evidence will not suffice." *Lanman*, 393 F.3d at 1154-55. Ms. Nickola is representing herself on appeal so her pleadings will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. *Americans with Disabilities Act*

The ADA requires StorageTek to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [StorageTek] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." 42 U.S.C. § 12112(b)(5)(A). A "qualified individual with a disability" is a person "who, with or without reasonable accommodation, can perform the essential functions of the employment position that [she] holds or desires." *Id.* § 12111(8). In this context, "disability" means that an individual has "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(2).

Ms. Nickola asserts that she is a qualified individual with a disability who has a physical impairment that substantially limits the major life activity of working. She also alleges that StorageTek discriminated against her on the basis

of her actual disablity and because it regarded her as disabled. We determine that she has waived any claim based on a record of her impairment because she did not raise it in her opening brief on appeal. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

Ms. Nickola bears the burden of establishing a prima facie case. *See MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) (holding in summary-judgment context, "plaintiff initially must raise a genuine issue of material fact on each element of the prima facie case"). To do so, she must demonstrate that (1) she is a disabled person as defined by the ADA; (2) she is qualified, with or without reasonable accommodation; and (3) she was discriminated against due to her disability. *Aldrich v. Boeing Co.*, 146 F.3d 1265, 1269 (10th Cir. 1998). We conclude that Ms. Nickola has not established the first criterion – that she is disabled as defined by the ADA – and, therefore, the other criteria are irrelevant, including the issue of whether she resigned or was fired.

*(A) Actually Disabled*

Under § 12102(2)(A), a plaintiff must establish that "an impairment substantially limits at least one major life activity." *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1129 (10th Cir. 2003). "'Substantially' in the phrase 'substantially limits' suggests 'considerable' or ' to a large degree.'" *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 196 (2002). A claimant is not

disabled for ADA purposes merely by having an impairment. *Id.* at 195. A claimant must also "demonstrate that the impairment limits a major life activity." *Id.*

Ms. Nickola asserts that her wrist injury prevents her from performing the essential functions of her former manufacturing job pertaining to pushing tubing onto a plastic elbow joint and pounding the parts into position. To establish that this injury is disabling, she relies on the notes from Dr. Reims and Dr. Fry and the determination from the workers' compensation board that she sustained an eighteen percent permanent partial disability. She concedes, however, that her wrist impairment does not limit other activities and that she does not consider herself to be disabled. R. Vol. I, Doc. 65, Ex. A, at 329-30; *id.* Ex. EE, at 1. The doctors' reports and workers' compensation determination, without evidence of substantial limitations caused by the impairment, are insufficient to establish disability status under the ADA. *Cf. Toyota Motor*, 534 U.S. at 198 (holding evidence of medical diagnosis of an impairment is insufficient, standing alone, to prove disability status in performing manual tasks). We hold that Ms. Nickola's showing that she cannot perform the specific manual tasks required for her former manufacturing position is insufficient to demonstrate genuine fact issues as to whether she was substantially limited in the major life activity of working. Therefore, because she cannot make out the first element of a prima facie case,

Ms. Nickola's ADA "actually disabled" claim must fail, and the entry of summary judgment in StorageTek's favor was correct.

### (B) Regarded as Disabled

Ms. Nickola next asserts that she is entitled to protection under the ADA because StorageTek regarded her as disabled. There are two ways an individual may qualify under the "regarded as" section, § 12102(2)(C): (1) the employer "mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities," or (2) the employer "mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999). To withstand summary judgment under this rule, Ms. Nickola must come forward with triable evidence showing that StorageTek regarded her as substantially limited in her identified major life activity of working. *Rakity v. Dillon Companies, Inc.*, 302 F.3d 1152, 1162 (10th Cir. 2002). "[I]n order to establish a disability under the 'regarded as' prong of the ADA with respect to the major life activity of working, an individual must show that the employer regarded him or her as being substantially limited in performing either a class of jobs or a broad range of jobs in various classes." *Steele v. Thiokol Corp.*, 241 F.3d 1248, 1256 (10th Cir. 2001) (quotation omitted).

Ms. Nickola argues that StorageTek regarded her as disabled because it did not offer her a job after she was medically released and because it could not find a position in the entire organization for her. She claims that since StorageTek was aware of her on-the-job injury that prevented her from returning to her manufacturing position, its failure to find her a different job demonstrates that it regarded her as disabled under the ADA. *See* R. Supp. Vol. IA, at 14.

Ms. Nickola's argument is disingenuous. First, StorageTek invited and assisted her to apply for other jobs within the company, which indicated that it did not regard her as substantially limited in her ability to work. *See McGeshick v. Principi*, 357 F.3d 1146, 1151 (10th Cir. 2004) (stating employer's invitation to plaintiff to apply for jobs indicated that employer "did not perceive [plaintiff] as substantially limited in his ability to perform major life activities"). Moreover, Ms. Nickola concedes that StorageTek provided her an opportunity for a position as a business analyst, but she declined it. StorageTek's job opportunity "clearly shows [Ms. Nickola] was not perceived as unable to perform an entire class or broad range of jobs." *Lanman*, 393 F.3d at 1158 (reviewing employer's continued willingness to employ plaintiff); *see also Rakity*, 302 F.3d at 1164 (holding employer's continuing willingness to employ plaintiff in his current position amounted to undisputed evidence that it did not regard him as substantially limited in his ability to work); *cf. Doebele*, 342 F.3d at 1134 (holding fact-finder

could infer that supervisors believed plaintiff was precluded from broad range of jobs by their refusal to consider position for plaintiff that would implement her doctor's requested accommodations at a time company was hiring 200-300 people a week). Accordingly, we hold that Ms. Nickola has failed to demonstrate a genuine issue of material fact on her claim that StorageTek regarded her as disabled. Consequently, summary judgment in favor of StorageTek on this claim was appropriate.

## *IV.  Conclusion*

Ms. Nickola's motion to supplement the record is granted. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael W. McConnell
Circuit Judge